**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MORGAN BARRINGTON FINANCIAL SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LYSBETH KARAGJOZI, *et al.*,<br><br>Defendants. | Civil Action No. 25-2016 (MAS) (JBD)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court following the Report and Recommendation (the "R & R") of the Honorable J. Brendan Day, U.S.M.J., recommending that Plaintiff Morgan Barrington Financial Services, Inc.'s ("Plaintiff") request to enforce the settlement agreed to by the parties on September 2, 2026, be granted. (Oct. 22, 2026, R. & R., ECF No. 38.) None of the parties filed objections. For the reasons set forth below, the Court adopts the R & R.

All parties to this action, and their counsel, appeared for an in-person conference before Judge Day on September 2, 2026. (*See generally* Sep. 2, 2026, Conference Tr., ECF No. 36.) At this conference, counsel for all parties agreed to specific terms of a settlement for this action. (*Id.* at 2:4-25.) The Court placed those terms on the record, which are: Defendants Zhudi Karagjozi and Lysbeth Karagjozi ("Defendants") shall pay $93,000 to resolve this action, with $43,000 (currently held in their attorney's escrow account) to be paid immediately and the remaining $50,000 to be paid no later than twelve months from September 2, 2026. (*Id.* at 4:10-19.) The parties also agreed that Defendants will have thirty days to cure any breach or default of the

agreement; if they fail to cure the breach or default in that time, Plaintiff may file and enforce a pre-executed confession of judgment. (*Id.* at 4:20-5:2.) Despite this agreement, by September 30, 2026, Defendants' counsel still had not wired Plaintiff the $43,000 payment and refused to sign a written version of the agreement. (ECF No. 31.) Instead, Defendants' counsel attempted to renegotiate the cure period from thirty days to ninety days because Defendants would be in financial distress if a confession of judgment were ever recorded against them. (ECF No. 33.) On October 20, 2026, Judge Day convened the parties via telephone to discuss the dispute. (ECF No. 35.) Following that discussion, and after reviewing the parties' submissions and the transcript from the September conference, Judge Day recommended that Plaintiff's request to enforce the settlement agreement be granted. (*See generally* Oct. 22, 2026, R. & R.)

The Court, having conducted a de novo review[1] of Judge Day's analysis, determines that the settlement agreement should be enforced. On September 2, 2026, the parties agreed on the essential terms of their agreement, including a default cure period of thirty days, and therefore entered a full and enforceable settlement on the record. *Baer v. Chase*, 392 F.3d 609, 619 (3d Cir. 2004) ("[P]arties create an enforceable contract when they agree on its essential terms and manifest an intent that the terms bind them."). To set aside this valid agreement, Defendants would need to show clear and convincing evidence of "coercion, deception, fraud, undue pressure, or unseemly conduct." *U.S. Liab. Ins. Co. v. Marago*, No. 22-1913, 2024 WL 6078930, at *2 (D.N.J. May 13, 2024) (citation omitted), *report and recommendation adopted*, 2025 WL 3173858 (D.N.J. Nov.

[1] Although Defendants failed to file objections to the R & R, the Court nevertheless conducted a de novo review. *Cf. Bell v. Pleasantville Hous. Auth.*, No. 09-4614, 2012 WL 12978341, at *1 (D.N.J. Dec. 31, 2012) (noting that "a plaintiff is not statutorily entitled to a de novo review . . . if no objections are filed to the magistrate judge's report" (citations omitted)).

13, 2025). Defendants have not even attempted to do so. As a result, they remain bound to the agreed-upon terms, and the settlement agreement should be enforced.[2]

For the above reasons,

**IT IS**, on this 23rd day of November 2026, **ORDERED** that:

1. The R & R (ECF No. 38) is hereby **ADOPTED** in full.

2. Plaintiff's request to enforce the settlement agreement (ECF No. 31) is **GRANTED**.

3. Plaintiff's request for attorneys' fees or sanctions is **DENIED** without prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

[2] The Court agrees with Judge Day's recommendation as to attorneys' fees as well, including that such penalties may be warranted if Defendants fail to comply with the terms of the agreement. (Oct. 22, 2026, R. & R. 5 n.4.)